IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUENTIN SLATER on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| CITICOURIERS INTERNATIONAL INC. AND FEDEX | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

Citicouriers International Inc. and FedEx do not pay their Assistant Dock Supervisors overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA). Instead, Citicouriers International Inc. and FedEx pay their Assistant Dock Supervisors straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Quentin Slater, and the other Assistant Dock Supervisors are entitled to recover unpaid overtime as well as other damages.

1. Defendants Citicouriers International Inc. and FedEx have a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

2. Defendant Citicouriers International Inc. is a domestic company with locations throughout the United States and Texas. Citicouriers International Inc. may be served with process through its Registered Agent, Samm B. Wiggins at 3506 Travis Street;

1

Houston, Texas 77002.

3. Defendant FedEx is a corporation with locations throughout the United States and Texas. FedEx may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900; Dallas, Texas 75201-3136.

4. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. Defendants Citicouriers International Inc. and FedEx offer delivery services for clients throughout Texas and the United States.

6. Citicouriers International Inc. and FedEx would pay the Assistant Dock Supervisors, determine their rates of pay, designate the number of hours worked per week and assign them to work locations.

7. Defendants would supervise the Assistant Dock Supervisors, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the Assistant Dock Supervisors.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because Defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

10. Quentin Slater worked for Citicouriers International Inc. and FedEx as an Assistant Dock Supervisor. His written consent is attached.

11. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, Citicouriers International Inc. and FedEx maintain control and act in the interest of all of their respective locations throughout the United States, therefore the Assistant Dock Supervisors at all of their locations are putative class members. 29 C.F.R.791.2(b)(1)(2).

13. The "FLSA Class Members" are all Assistant Dock Supervisors who worked for Citicouriers International Inc. and FedEx at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

**FACTS**

14. Quentin Slater was an employee of Citicouriers International Inc. and FedEx.

15. Quentin Slater provided services for Citicouriers and FedEx as part of his job duties.

16. Quentin Slater was not an independent contractor.

17. No exemption to the provisions of the FLSA excused Defendants from their obligation under the FLSA to pay Quentin Slater and putative class members time and a half for the hours worked past forty (40) each week while employed by Defendants.

18. Citicouriers International Inc. paid Plaintiff Quentin Slater straight time, not time and a half, for the hours he worked above forty (40) during his employment with

Defendants.

19. Quentin Slater worked for Citicouriers International Inc. as an Assistant Dock Supervisor from October 2017 to December of 2017.

20. The work performed by Plaintiff and putative class members was an essential part of the services provided for Defendants' Customers.

21. Defendants determined where it's Assistant Dock Supervisors worked and how they performed their duties.

22. Defendants set Assistant Dock Supervisors' hours and required them to report to work on time and leave at the end of their scheduled hours.

23. Defendants' Assistant Dock Supervisors at all locations work(ed) exclusively for Defendants since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

24. Defendants' Assistant Dock Supervisors are not permitted to hire other workers to perform their jobs for them.

25. Defendants' Assistant Dock Supervisors do not employ staff, nor do they maintain independent places of business.

26. Assistant Dock Supervisors employed by Defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Defendants each day.

27. The Assistant Dock Supervisors employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Defendants.

28. Defendants pay Assistant Dock Supervisors in return for their labor.

29. Defendants deducted taxes from the paychecks of Plaintiff and similarly situated employees.

30. Defendants keep records of the hours it instructed its Assistant Dock Supervisors

to work. Defendants also keep records of the amount of pay Plaintiff and putative class members receive.

31. Plaintiff and putative class members were paid directly via bi-weekly pay check.

32. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

33. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

34. In addition to Quentin Slater, Defendants employed other Assistant Dock Supervisors. These Assistant Dock Supervisors worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies.

35. The FLSA Class Members are similarly situated to Quentin Slater.

36. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Assistant Dock Supervisors who worked for Citicouriers International Inc. and FedEx at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

37. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Citicouriers International Inc. and FedEx violated the FLSA.

38. Citicouriers International Inc. and FedEx owe Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

39. Citicouriers International Inc. and FedEx knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Defendants' failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

40. Citicouriers International Inc. and FedEx owe Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

41. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com
**Attorney For Plaintiff**